# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SANDKNOP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-1498 ACL |
| ) | |
| DOUG PRUDDEN, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Christopher Sandknop for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The issue presented by petitioner is not cognizable in federal habeas proceedings. As a result, this action is dismissed for lack of jurisdiction.

### Background

Petitioner pled guilty to stealing property or services in excess of $500 but less than $25,000 in violation of Mo. Rev. Stat. § 570.030.3 (2013), a Class C felony. *Missouri v. Sandknop*, No. 12SL-CR10646-01 (St. Louis County). On July 12, 2013, the court sentenced him to seven years' imprisonment but suspended the execution of the sentence and placed him on supervised probation. Petitioner did not appeal the sentence, nor did he file a proper motion for postconviction relief. On December 3, 2015, the court revoked petitioner's probation and ordered him to serve his term of imprisonment. Petitioner did not appeal the revocation.

On February 28, 2017, petitioner filed a Rule 91 petition for writ of habeas corpus. *Snadknop v. Missouri*, No. 17SL-CC00807 (St. Louis County) (petitioner's name misspelled on court docket). In the petition, he argued that his sentence had been improperly enhanced from a Class A felony to a Class C misdemeanor because the Missouri Supreme Court's ruling in

*Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), invalidated all such enhancements under Mo. Rev. Stat. § 570.030.3 (2013). The habeas court dismissed the petition on March 2, 2017, for lack of jurisdiction.

## Ground for relief

Petitioner brings one ground for relief. He argues that *Bazell* invalidated his sentence enhancement under § 570.030.3 (2013).

The Missouri Court of Appeals, Eastern District, agrees with petitioner that *Bazell* invalidated all of the sentence enhancements under the statue . *Missouri v. Bowen*, ---S.W.3d---, 2017 WL 361185 (Mo. Ct. App. Jan. 24, 2017). In *Bowen*, the court held that the enhancement for stealing in excess of $500 could no longer be applied. *Id.* at *2 (citing cases).

## Discussion

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (alleged violation of state sentencing statute not cognizable in federal habeas proceedings). Furthermore, a state prisoner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

In this case, petitioner's claim is based solely on the Missouri courts' interpretation of a state statute. As a result, it is not cognizable in federal habeas proceedings and must be

dismissed. *See* Fed. R. Civ. P. 12(h)(3). To the extent that petitioner has any available avenue to relief, it lies in state court.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether jurisdiction exists in this matter. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed forthwith.

Dated this 15th day of May, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE